UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>         PLAINTIFF,<br>  v.<br><br>1. ROB'S SOD, INC., a corporation,<br>2. COOK'S FARMLAND ENTERPRISES, LLC, a corporation, collectively dba GREEN ACRE SOD FARM, aka GREEN ACRE SOD & LANDSCAPE CENTER and ENTERPRISE SOD & LANDSCAPE CENTER, and<br>3. ROBERT K. COOK III, individually,<br><br>         DEFENDANTS. | CIVIL ACTION NO.  22-cv-00483-GKF-CDL<br><br><br><br><br>COMPLAINT |

Plaintiff, Martin J. Walsh, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211 and 215, and to restrain Defendants from withholding payment of overtime compensation due: (1) Defendants' employees, named in Exhibit 1, for the period of time from December 13, 2019 to March 9, 2022; and (2) Defendants' employees, including but not limited to those persons named in Exhibit 1, for the period of time between March 10, 2022 and the date of judgment; together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

1

I. **THE PARTIES**

1. Plaintiff Martin J. Walsh is the Secretary of Labor for the United States Department of Labor and is authorized to enforce the provisions of the FLSA, and to recover back wages and liquidated damages and to seek injunctive relief on behalf of employees employed in violation of the FLSA's overtime and record keeping provisions. 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2. Defendant Robert K. Cook III, an individual, resides in Tulsa County, Oklahoma, within the jurisdiction of this Court, and at all times hereinafter mentioned was the sole owner (100%) of the corporate Defendants. He acted directly or indirectly in the interest of the corporate Defendants in relation to their employees by setting policies and procedures; making hiring, firing, discipline, and compensation decisions; and managing the day-to-day operations of the company. Robert K. Cook III is an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

3. Defendants Rob's Sod, Inc. and Cook's Farmland Enterprises, LLC, collectively dba Green Acre Sod Farm, aka Green Acre Sod and Landscape Center and Enterprise Sod and Landscape Center ("Green Acre") are, and at all times hereinafter mentioned were, Oklahoma corporations with the common principal place of business at 11603-D S. Memorial Drive, Suite 478, Tulsa, Oklahoma 74133, within the jurisdiction of this Court. Green Acre operates sod farms in Bixby, Oklahoma; Haskell, Oklahoma; Red River, Texas; and Mount Vernon, Missouri, as well as ten retail locations that sell sod and landscaping materials in Tulsa, Owasso, Claremore, Bartlesville, Grove, Stillwater, Lawton, Oklahoma City, and Broken Arrow, Oklahoma; and Joplin, Missouri.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendants have their principal office in this Judicial District.

## III. FLSA STATUTORY COVERAGE

6. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000.

## IV. FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

8. The Secretary investigated Defendants' compliance with the provisions of the FLSA with respect to Defendants' retail employees from December 13, 2019, to March 9, 2022 (the "Investigation Period").

9. Rob's Sod, Inc. and Cook's Farmland Enterprises, LLC are each solely owned and operated by Robert K. Cook III and together they share control over and jointly employ their retail store employees.

### A. OVERTIME VIOLATIONS

10. Defendants have violated and may still be violating the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in excess of forty hours per week without compensating said employees time-and-one-half wages for hours over forty in such workweeks.

11. Specifically, Defendants violated the FLSA's overtime provisions by paying employees straight time for all hours worked including hours worked over 40 in a workweek that should have been compensated at time-and-a-half the regular rate.

### B. WILLFULNESS

12. The violations set forth above at paragraphs 10-11 are willful. Defendants had knowledge of employees working overtime hours, as they paid the first forty hours worked under Rob's Sod, Inc., then segregated overtime hours and paid them under Cook's Farmland Enterprises, LLC at the straight time rate rather than including the required half-time premium. A three-year statute of limitations period applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

### C. RECORDKEEPING VIOLATIONS

13. As employers subject to the provisions of the FLSA, Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep,

and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to keep for at least two years the basic employment and earnings records, include all basic time and earning cards or sheets on which are entered the daily starting and stopping time of individual employees. 29 C.F.R. § 516.6.

### V.  PRAYER FOR RELIEF

14.  As a result of the violations alleged in paragraphs 9-13 above, Defendants owe unpaid overtime compensation to certain present and former employees of Defendants, including but not limited to those persons specifically named in Exhibit 1, and incorporated herein by reference, for the period of December 13, 2019, through March 9, 2022.

15.  Inasmuch as the violations may be continuing, additional amounts for unpaid overtime compensation are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from March 10, 2022, to the present.

16.  Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B. For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid overtime compensation due Defendants' employees for the period from December 13, 2019, to March 9, 2022; and such additional amounts as may be found by this Court to be due for the period from March 10, 2022, until the date of judgment; and for equal additional amounts as liquidated damages;

C. In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D. A monetary award to Plaintiff for the costs of this action; and

E. Such other and further relief as this Court deems just and appropriate.

Dated this 1st day of November, 2022.

Respectfully submitted,

SEEMA NANDA

Solicitor of Labor

JOHN RAINWATER  
Regional Solicitor

LYDIA TZAGOLOFF  
Associate Regional Solicitor

TYLER P. MCLEOD  
Wage Hour Counsel

*/s/ Courtney Witten*  
Courtney Witten  
Trial Attorney  
Attorneys for Plaintiff

United States Department of Labor  
Office of the Solicitor  
1244 Speer Boulevard, Suite 515  
Denver, Colorado 80204-3516  
Tel. (303) 844-1387  
Fax (303) 844-1753  
witten.courtney@dol.gov